**ORIGINAL**

# In the United States Court of Federal Claims

No. 15-1330C
Filed June 29, 2016
NOT FOR PUBLICATION

**FILED**

**JUN 2 9 2016**

U.S. COURT OF
FEDERAL CLAIMS

|  |  |  |
|---|---|---|
| DALE JOHN TOPPING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | *Pro Se*; RCFC 12(b)(1), Subject-Matter |
| v. | ) | Jurisdiction; RCFC 12(b)(6), Failure to |
| | ) | State a Claim; Implied-in-Fact Contract; |
| THE UNITED STATES, | ) | Fifth Amendment Takings; *In Forma* |
| | ) | *Pauperis*. |
| Defendant. | ) | |
| | ) | |

*Dale John Topping*, North Fort Meyers, FL, Plaintiff *pro se*.

*Kenneth S. Kessler*, Trial Attorney, *Allison Kidd-Miller*, Assistant Director, *Robert E. Kirschman, Jr.*, Director and *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for Defendant.

## MEMORANDUM OPINION AND ORDER

GRIGGSBY, Judge

## I.    INTRODUCTION

Plaintiff *pro se*, Dale John Topping, brought this action against the United States seeking monetary damages and declaratory and injunctive relief for alleged violations of his civil rights, a Fifth Amendment takings and violations of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments, in connection with the United States Department of Education's decision to garnish his Social Security disability benefit payments to satisfy an outstanding federal student loan debt. The government has moved to dismiss the complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). Plaintiff has also filed a motion to proceed *in forma pauperis* and a motion for judgment of default and petition for a partial writ of mandamus. For the reasons set forth below, the Court: (1) **GRANTS** the government's motion to dismiss; (2) **DENIES** as moot plaintiff's motion for judgment of default and petition for a partial writ of mandamus; and (3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

Plaintiff *pro se*, Dale John Topping, commenced this action on November 5, 2015.  *See generally* Compl.  Plaintiff's complaint is difficult to follow.  Nonetheless, it appears that plaintiff seeks monetary damages from the United States, and declaratory and injunctive relief, in connection with the United States Department of Education's ("DOE") decision to garnish plaintiff's Social Security disability benefit payments to satisfy the outstanding balance for plaintiff's defaulted federal student loans.  *Id.*

Specifically, in the complaint plaintiff alleges that, on or about October 8, 1986, the Michigan Department of Education improperly declared him to be in default on four federal student loans.  *Id.* at ¶ 10, Exs. 13, 69; Def. Mot. at 3.  Plaintiff further alleges, among other things, that as a result of his protracted dispute with the DOE regarding the repayment of these student loans, he has suffered "extreme stress" that was "intentionally inflicted" upon him as part of the DOE's "malicious defense" of its administrative decision.  Compl. at Prayer for Relief, ¶¶ C, F.  In addition, plaintiff alleges that the DOE violated his Fifth and Fourteenth Amendment rights to due process and equal protection under the law during the administrative and court proceedings involving the repayment of his student loans.  *Id.* at ¶¶ 6, 88, 96, 100, 107-11.

In this regard, plaintiff contends that, among other things, the DOE's garnishment of his Social Security disability benefit payments to repay these loans constitutes a takings of his property under the Fifth Amendment.  *Id.* at ¶¶ 87, 99-106.  As relief, plaintiff requests that the Court award him monetary compensation, declare the DOE's decision to garnish his benefits to be arbitrary, capricious and contrary to law, and issue a writ of partial mandamus.  *Id.* at Prayer for Relief.

As background, between 1980 and 1986, plaintiff received four federal student loans in the original aggregate principal amount of $6,117.00.  *Id.* at Ex. 68; Def. Mot. at 3.  In October 1986, the Michigan Department of Education found these loans to be in default.  Compl. at ¶ 10,

---

[1] The facts recited in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl."); plaintiff's motion of default judgment ("Pl. Mot. of Default J."); the government's motion to dismiss ("Def. Mot."); plaintiff's response to the government's motion to dismiss ("Pl. Resp."); and plaintiff's sur-reply ("Pl. Sur-Reply").  Unless otherwise noted herein, the facts recited are undisputed.

Ex. 69; Def. Mot. at 3.  Plaintiff's student loans were subsequently assigned to the DOE for collection.  Compl. at ¶¶ 15, 20.

After a series of administrative proceedings, the DOE decided to garnish plaintiff's Social Security disability benefit payments to satisfy the outstanding balance for the loans.  *Id.* at ¶ 33, Exs. 12, 76.  During the period July 2009 to November 2009, the DOE garnished $773.20 from plaintiff's Social Security disability benefit payments to repay these loans.  *Id.* at ¶ 87, Ex. 76; Def. Mot. at 3; Pl. Resp. at 12.  During the period February 2013 to December 2015, the DOE garnished an additional $9,408.00 from plaintiff's Social Security disability benefit payments.  Compl. at ¶ 87; Pl. Mot. of Default J. at 6; Pl. Sur-Reply at Ex. 230.

On November 25, 2009, plaintiff challenged the DOE's decision to garnish his Social Security disability benefit payments before the DOE.  Compl. at Exs. 45-66; Def. Mot. at 3.  On March 18, 2010, the DOE denied plaintiff's challenge to the garnishment decision.  Compl. at Exs. 67-81.  Thereafter, on May 19, 2015, the United States District Court for the Middle District of Florida affirmed the DOE's garnishment decision.  *Topping v. Cohen*, No. 2:14-CV-146-FTM, 2015 WL 2383630, at *8 (M.D. Fla. May 19, 2015).[2]  Subsequently, plaintiff commenced this action.

## B.    Procedural Background

Plaintiff filed the complaint in this matter on November 5, 2015.  *See generally* Compl. Also on November 5, 2015, plaintiff filed a motion for leave to proceed *in forma pauperis.  See generally* Pl. Mot. to Proceed *In Forma Pauperis.*  After the government failed to file a timely response to plaintiff's complaint, plaintiff also filed a motion styled as "motion for judgment of default and petition for a partial writ of mandamus" on January 8, 2016.  *See generally* Pl. Mot. of Default J.; *see also* RCFC 55(a).

---

[2] Plaintiff also filed numerous lawsuits in federal and state courts regarding the repayment of his federal student loans.  *See, e.g., Topping v. United States Dep't of Educ.*, No. 2:09-CV-396-FRM, 2011 WL 1158696 (M.D. Fla. Mar. 29, 2011); *Topping v. United States Dep't of Educ.*, No. 2:09-cv-396-FTM-29, 2012 WL 397809 (M.D. Fla. Feb. 8, 2012), *aff'd*, 510 F. App'x 816 (11th Cir. 2013), *cert. denied*, 134 S. Ct. 432 (2013); *Topping v. United States*, No. 2:12-cv-524-FTM-99SPC (M.D. Fla. Sept. 20, 2012); *Topping v. United States*, No. 2:12-cv-524-FTM-99SPC; *Topping v. Cohen*, No. 2:14-CV-146-FTM, 2015 WL 2383630 (M.D. Fla. May 19, 2015).  Plaintiff's claims were dismissed in each of these cases.

On January 11, 2016, the Court issued a Show Cause Order directing the government to explain why defendant failed to file a timely response to the complaint. *See generally* Show Cause Order, Jan. 11, 2016. On February 1, 2016, the government filed its response to the Court's Show Cause Order and a motion to dismiss plaintiff's complaint. *See generally* Def. Resp. to Show Cause Order; Def. Mot.

On February 19, 2016, plaintiff filed a response to the government's motion to dismiss. *See generally* Pl. Resp. On February 26, 2016, plaintiff filed a supplemental response to the government's motion to dismiss. *See generally* Pl. Supp. Resp. On March 11, 2016, the government filed a reply in support of its motion to dismiss. *See generally* Def. Reply. On March 18, 2016, plaintiff filed a motion for leave to file a sur-reply to the government's motion to dismiss. *See generally* Pl. Mot. for Leave to File. On March 28, 2016, the Court granted plaintiff's motion for leave to file a sur-reply. *See generally* Order Granting Sur-Reply. On April 11, 2016, plaintiff filed a sur-reply to the government's motion to dismiss. *See generally* Pl. Sur-Reply. The government's motion to dismiss having been fully briefed, the Court addresses the pending motion.

## III.   STANDARD OF REVIEW

### A.   *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleading requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 925-26 n.2 (Fed. Cir. 2013). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than to plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers."); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014).

But, there "is no duty on the part of the trial court to create a claim which [plaintiff] has not spelled out in his pleading." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). And so, while a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v.*

4

*United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)).  Given this, the Court may excuse ambiguities, but not defects, in the complaint.  *See Colbert v. United States*, 617 F. App'x 981, 983 (Fed. Cir. 2015); *see also Demes v. United States*, 52 Fed. Cl. 365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.") (citation omitted).

### B.    Jurisdiction And RCFC 12(b)(1)

When deciding a motion to dismiss upon the ground that the Court does not possess subject-matter jurisdiction pursuant to RCFC 12(b)(1), this Court must assume that all undisputed facts alleged in the complaint are true and must draw all reasonable inferences in the non-movant's favor.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* RCFC 12(b)(1).  But, plaintiff bears the burden of establishing subject-matter jurisdiction, and he must do so by a preponderance of the evidence.  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988).  And so, should the Court determine that "it lacks jurisdiction over the subject matter, it must dismiss the claim."  *Matthews v. United States*, 72 Fed. Cl. 274, 278 (2006).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  The Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).  The Tucker Act, however, is a "jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists."  *United States v. Testan*, 424 U.S. 392, 398 (1976).  And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute, or regulation; an express or implied contract with the United States; or an illegal exaction of money by the United States.  *Cabral v. United States*, 317 F. App'x 979, 981 (Fed. Cir. 2008) (citing *Fisher v. United States*, 402 F.3d

1167, 1173 (Fed. Cir. 2005)). "[A] statute or regulation is money-mandating for jurisdictional purposes if it 'can fairly be interpreted as mandating compensation for damages sustained as a result of the breach of the duties [it] impose[s].'" *Fisher*, 402 F.3d at 1173 (quoting *United States v. Mitchell*, 463 U.S. 206, 219 (1983)).

## C.    RCFC 12(b)(6)

When deciding a motion to dismiss based upon failure to state a claim upon which relief may be granted pursuant to RCFC 12(b)(6), this Court must also assume that all undisputed facts alleged in the complaint are true and draw all reasonable inferences in the non-movant's favor. *Erickson*, 551 U.S. at 94; *see also* RCFC 12(b)(6). To survive a motion to dismiss pursuant to RCFC 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When the complaint fails to "state a claim to relief that is plausible on its face," the Court must dismiss the complaint. *Iqbal*, 556 U.S. at 678 (citation omitted). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity" and determine whether it is plausible, based upon these facts, to find against defendant. *Id.* at 679.

## D.    Fifth Amendment Takings

The United States Court of Federal Claims has exclusive jurisdiction to consider Fifth Amendment takings claims in excess of $10,000. 28 U.S.C. § 1491(a); *see also Acceptance Ins. Cos. Inc. v. United States*, 503 F.3d 1328, 1336 (Fed. Cir. 2007). The Takings Clause of the Fifth Amendment guarantees just compensation whenever private property is "taken" for public use. U.S. Const. amend. V. In order to have a cause of action for a Fifth Amendment takings, a plaintiff must point to a protectable property interest that is asserted to be the subject of the takings. *See Phillips v. Wash. Legal Found.*, 524 U.S. 156, 164 (1998) ("Because the Constitution protects rather than creates property interests, the existence of a property interest is determined by reference to 'existing rules or understandings that stem from an independent source such as state law.'") (quoting *Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577 (1972)). While takings claims are within the jurisdiction of this Court, a takings can only result "when the underlying governmental action is valid and authorized." *Wagstaff v. United States*, 105 Fed. Cl. 99, 110 (2012); *see also Eversleigh v. United States*, 24 Cl. Ct. 357, 359 (1991) ("A

6

taking claim may only be based on the Government's rightful exercise of its property, contract, or regulatory powers.") (citation omitted). And so, to establish a cognizable takings claim, a plaintiff must concede the validity of the government's action in order to proceed. *Tabb Lakes, Ltd. v. United States*, 10 F.3d 796, 802 (Fed. Cir. 1993).

### E.    Breach Of Contract Claims Against The United States

Lastly, the Tucker Act grants this Court jurisdiction to consider claims based "upon any express or implied contract with the United States." 28 U.S.C. § 1491(a)(1). The Court does not, however, possess jurisdiction to consider claims against the United States "based on contracts implied in law." *Mitchell*, 463 U.S. at 218 (citing *Merritt v. United States*, 267 U.S. 338, 341 (1925)); *see also Aboo v. United States*, 86 Fed. Cl. 618, 626 *aff'd*, 347 F. App'x 581 (Fed. Cir. 2009). And so, to bring a valid contract claim against the United States under the jurisdiction of this Court, the underlying contract must be either express or implied-in-fact. *Aboo*, 86 Fed. Cl. at 626-27. In addition, to establish the existence of either an express or implied-in-fact contract with the United States, a plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz v. United States*, 682 F.3d 1364, 1368 (Fed. Cir. 2012). A plaintiff must support this claim with well-plead allegations going to each element of a contract. *See Crewzers Fire Crew Transp. Inc. v. United States*, 741 F.3d 1380, 1382 (Fed. Cir. 2014) (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation that asserts its claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies.").

## IV.    DISCUSSION

### A.    The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The government has moved to dismiss plaintiff's complaint upon two grounds. First, the government argues that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's claims, because the claims are not based upon any substantive source of law that would create a right for plaintiff to recover money damages from the United States. Def. Mot. at 6-8. The government also moves to dismiss the complaint for failure to state a claim upon which

relief may be granted, because plaintiff does not allege any facts in the complaint that would entitle him to recover money damages from the government. *Id.* at 8-9. For the reasons discussed below, the Court does not possess subject-matter jurisdiction to consider plaintiff's claims and the complaint also fails to state a plausible takings claim. And so, the Court must dismiss the complaint. RCFC 12(b)(1); RCFC 12(b)(6).

### 1.    Plaintiff's Tort Claims Are Jurisdictionally Precluded

As an initial matter, the Court must dismiss plaintiff's tort law claims for lack of subject-matter jurisdiction. RCFC 12(b)(1). In the complaint, plaintiff seeks to recover monetary damages from the government as compensation for "life altering and limiting medical consequences" that arose from the "extreme situational stress" that was "intentionally inflicted" upon him by government employees as part of the "malicious defense of the [DOE's] choices contrary to law." Compl. at Prayer for Relief, ¶ C. Plaintiff also alleges that his life has been "altered and shortened," his "enjoyment of life destroyed," his "credit and reputation" ruined, and his "business interests" destroyed, as a result of the government's actions. *Id.* at Prayer for Relief, ¶ F.

The Court may not entertain plaintiff's claims because these claims clearly sound in tort. *McCauley v. United States*, 38 Fed. Cl. 250, 265 (1997), *aff'd*, 152 F.3d 948 (Fed. Cir. 1998) ("Plaintiff's claims for monetary damages, which arise out of [the government's] alleged negligent and wrongful conduct . . . are claims clearly sounding in tort."); *Ancman v. United States*, 77 Fed. Cl. 368, 373 (2007) ("Claims for pain and suffering, emotional distress, and mental anguish sound in tort, and this court does not possess jurisdiction over tort claims.") (citation omitted). It is well established that the Tucker Act explicitly places tort claims beyond the jurisdiction of this Court. 28 U.S.C. § 1491(a) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States . . . not sounding in tort."); *Hernandez v. United States*, 96 Fed. Cl. 195, 204 (2010) ("[T]he Tucker Act expressly excludes tort claims, including those committed by federal officials, from the jurisdiction of the United States Court of Federal Claims.") (citation omitted). And so, the Court must dismiss plaintiff's tort claims for lack of subject-matter jurisdiction. RCFC 12(b)(1).

### 2.    Plaintiff's Due Process And Equal
### Protection Claims Are Also Jurisdictionally Precluded

The Court is similarly without jurisdiction to entertain plaintiff's claims alleging violations of the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments. *See generally* Compl. This Court has long recognized that it does not possess jurisdiction to consider claims based upon the Fifth Amendment's Due Process Clause, as this provision is not a money-mandating provision of law. *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed Cir. 1995); *see also McCullough v. United States*, 76 Fed. Cl. 1, 4 (2006) ("[T]he Fifth Amendment is not a source that mandates the payment of money to plaintiff."). The Court is similarly without jurisdiction to consider plaintiff's equal protection and due process claims brought pursuant to the Fourteenth Amendment. *See LeBlanc*, 50 F.3d at 1028 (finding the Due Process and Equal Protection Clauses of the Fourteenth Amendment do not constitute "a sufficient basis for jurisdiction because they do not mandate payment of money by the government"); *see also Quailes v. United States*, 25 Cl. Ct. 659, 664, *aff'd*, 979 F.2d 216 (Fed. Cir. 1992) ("This court does not have jurisdiction . . . because neither the due process or equal protection clauses of the Constitution 'obligate the United States to pay money damages.'") (citation omitted). Because the Due Process and Equal Protection Clauses of the Fifth and Fourteenth Amendments do not create a right to recover money damages from the United States, plaintiff has not met his burden to establish that the Court possesses jurisdiction to consider his constitutional claims.[3] RCFC 12(b)(1). And so, the Court must also dismiss these claims.

### 3.    The Court May Not Consider Plaintiff's APA
### Claim And Claims For Injunctive And Declaratory Relief

To the extent that plaintiff asserts a claim under the Administrative Procedure Act ("APA"), the Court also does not possess subject-matter jurisdiction to consider this claim. In the complaint, plaintiff alleges that the DOE's decision to garnish his Social Security disability benefit payments is "arbitrary, capricious, without factual support, and contrary to law." Compl. at ¶¶ 1, 69. And so, plaintiff appears to seek judicial review of the DOE's decision under the

---

[3] Plaintiff also alleges a violation of the Fifth Amendment "as it relates to discrimination upon gender." Compl. at ¶¶ 112-18. It is well established that the Court does not possess jurisdiction to consider matters involving gender discrimination. *See Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998) ("[T]here is no Tucker Act jurisdiction in the Court of Federal Claims to entertain claims involving race, sex, and age discrimination or other claims involving civil rights violations.") (citation omitted).

APA. *Id.* The APA, however, grants exclusive jurisdiction to United States district courts to review final agency decisions. *See, e.g., Faison v. United States*, 102 Fed. Cl. 637, 641 (2012); *Vereda, Ltda. v. United States*, 271 F.3d 1367, 1374 n.8 (Fed. Cir. 2001) ("[T]he Court of Federal Claims lacked the general federal question jurisdiction of the district courts, which would have allowed it to review the agency's actions and to grant relief pursuant to the Administrative Procedure Act, 5 U.S.C. §§ 701-706."). And so, the Court does not possess jurisdiction to entertain plaintiff's APA claim. RCFC 12(b)(1).

In addition, the Court may not entertain plaintiff's requests for declaratory and injunctive relief related to his challenge of the DOE's garnishment decision. As discussed above, plaintiff seeks a declaratory judgment finding that the DOE's garnishment decision was arbitrary, capricious, without factual support, and contrary to law. Compl. at ¶ 1. Plaintiff also requests that the Court enter a declaratory judgment finding that title 20, United States Code, section 1095(a), which allows federal guaranty agencies to garnish student loan debtors' disposable wages, is unconstitutional. *Id.*

It is well established that this Court may only grant general equitable relief in limited circumstances involving certain bid protest matters and matters in which the equitable relief requested is tied to a money judgment. *See* 28 U.S.C. § 1491(b)(1) (allowing the Court to grant equitable relief in certain bid protest cases); *see also James v. Caldera*, 159 F.3d 573, 580 (Fed. Cir. 1998) ("[T]he Court of Federal Claims has no power 'to grant affirmative non-monetary relief unless it is tied and subordinate to a money judgment.'") (citation omitted). No such circumstances exist here, because the relief that plaintiff seeks—the cancellation of his student loan debt and a declaration that section 1095(a) is unconstitutional—does not constitute monetary relief. *See Johnson v. United States*, 105 Fed. Cl. 85, 96 (2012) (finding that because the cancellation of a debt does not constitute monetary damages, plaintiff's request for injunctive and declaratory relief falls outside the jurisdiction of the Court of Federal Claims); *see also Wagstaff*, 105 Fed. Cl. at 110 (dismissing plaintiff's request for injunctive and declaratory relief because the Court does not have jurisdiction to enjoin the DOE's debt collection practices). And so, the Court must also dismiss plaintiff's claims seeking injunctive and declaratory relief. RCFC 12(b)(1).

### 4.    The Court Must Dismiss Plaintiff's Contract Claim

Finally, to the extent that plaintiff alleges a breach of an implied-in-fact contract claim against the United States, the Court also must dismiss this claim for lack of subject-matter jurisdiction. RCFC 12(b)(1). In his response to the government's motion to dismiss, plaintiff alleges for the first time that he entered into an implied-in-fact contract with "the Judge and the litigants" and the DOE's administrative hearing officer during the administrative and court proceedings in which he challenged the DOE's garnishment decision. Pl. Resp. at 4, 9; *see also* Pl. Sur-Reply at 13. To bring a valid implied-in-fact contract claim against the United States, plaintiff must show: (1) mutuality of intent; (2) consideration; (3) lack of ambiguity in the offer and acceptance; and (4) actual authority to bind the government in contract on the part of the government official whose conduct is relied upon. *Kam-Almaz*, 682 F.3d at 1368. He must also support this claim with well-plead factual allegations going to each element of a contract in the complaint. *See Crewzers Fire Crew Transp. Inc.*, 741 F.3d at 1382 (holding that to invoke the jurisdiction of this Court under the Tucker Act, a plaintiff must present a well-pleaded allegation asserting that his or her claims arose out of a valid contract with the United States); *see also* RCFC 9(k) ("In pleading a claim founded on a contract or treaty, a party must identify the substantive provisions of the contract or treaty on which the party relies.").

Plaintiff does not allege any of the elements of an implied-in-fact contract with the United States in the complaint, or in his other filings. *See generally* Compl.; Pl. Resp.; Pl. Sur-Reply. In fact, the complaint is devoid of any factual allegations to show that plaintiff entered into a contract with the United States. *See generally* Compl. Given this, plaintiff has not presented well-plead allegations that his claim arose out of a valid implied-in-fact contract with the United States. *Crewzers Fire Crew Transp. Inc.*, 741 F.3d at 1382; *see also Toon v. United States*, 96 Fed. Cl. 288, 300 (2010) (finding plaintiff failed to invoke the jurisdiction of the Court to consider his implied-in-fact contract claim because he did not allege the requisite elements of a contract between himself and the United States). And so, dismissal of plaintiff's breach of contract claim is also warranted. RCFC 12(b)(1).

### B.    The Court Must Also Dismiss Plaintiff's Takings Claims

The Court must also dismiss plaintiff's takings claims regarding the garnishment of his Social Security disability benefit payments for lack of subject-matter jurisdiction and for failure

to state a claim upon which relief may be granted.  In the complaint, plaintiff alleges that the government engaged in the "unlawful takings" of his Social Security disability benefit payments during the periods July 2009 to November 2009 and February 2013 to December 2015.  Compl. at ¶¶ 33, 87; *see also* Pl. Sur-Reply at 2 ("The takings referenced in the complaint were Social Security disability payments, not regular Social Security payments.").  But, it is well established that "[t]his Court does not hear claims for Social Security benefits, even when the plaintiff alleges entitlement to relief under the U.S. Constitution." *Thurman v. United States*, No. 04-1532T, 2005 WL 2065312, at *1 (Fed. Cl. July 20, 2005); *see also Marcus v. United States*, 909 F.2d 1470, 1471 (Fed. Cir. 1990) (rejecting a plaintiff's claims for Social Security benefits because the Claims Court lacked subject-matter jurisdiction under the Tucker Act).  In this regard, the Court has specifically held that a takings claim involving Social Security disability benefit payments does not fall within the jurisdiction of this Court.  *See Brown v. United States*, No. 14-121C, 2014 WL 3686140, at *3 (Fed. Cl. July 16, 2014), *aff'd*, 607 F. App'x 983 (Fed. Cir. 2015) (finding the Court lacked jurisdiction to consider plaintiff's takings claim for the taking of his Social Security disability benefit payments); *see also Treece v. United States*, 96 Fed. Cl. 226, 231 (2010) ("Although the court of Federal Claims has jurisdiction over Fifth Amendment takings claims under the Tucker Act, the court does not have jurisdiction over plaintiff's claim because his claim amounts to an appeal of a denial of Social Security benefits.") (citation omitted).  And so, dismissal of plaintiff's takings claim related to his Social Security disability benefit payments is also appropriate here.  RCFC 12(b)(1).

Dismissal of plaintiff's takings claims for failure to state a claim upon which relief may be granted is also warranted, because plaintiff fails to identify any authorized government action that could have resulted in a takings in the complaint.  RCFC 12(b)(6).  Rather, plaintiff alleges in the complaint that the takings of his Social Security disability benefit payments occurred as a result of unauthorized actions on the part of certain DOE employees.  Compl. at ¶¶ 6, 99-106 (alleging DOE employees conducted "kangaroo courts," "willfully delay[ed] an investigatory hearing—for decades," made "false statements to lend credence to a fictional loan debt," concealed and tampered with witnesses, and made threats against plaintiff, all to "legitimize takings of [plaintiff's] private property").  To properly bring suit under the Tucker Act, plaintiff must concede the validity of the government action that is the basis of his takings claim.  *Tabb*

*Lakes, Ltd.*, 10 F.3d at 802.  Because plaintiff does not do so here, he fails to state a plausible takings claim in the complaint.  RCFC 12(b)(6).[4]

### C.   Plaintiff's Motion For Judgment Of Default And Petition For A Partial Writ of Mandamus Is Moot

Plaintiff has also filed a motion styled as "motion for judgment of default and petition for a partial writ of mandamus."  *See generally* Pl. Mot. of Default J.  Because the Court has determined that it must dismiss plaintiff's complaint for lack of subject-matter jurisdiction and for failure to state a claim upon which relief may be granted, the Court denies plaintiff's motion as moot.  *See, e.g., Wojtczak v. United States*, No. 12-449C, 2012 WL 4903025, at *4 (Fed. Cl. Oct. 17, 2012) ("Because plaintiff still has not raised allegations over which this court has jurisdiction, the court denies these motions as moot."); *Nathan v. United States*, No. 15-708C, 2015 WL 6756515, at *4 (Fed. Cl. Nov. 4, 2015) (denying plaintiff's motion of default judgment as moot after dismissing the case for failure to state a claim and for lack of jurisdiction).

### D.   Plaintiff's Motion For Leave to Proceed *In Forma Pauperis* Satisfies The Statutory Requirement

As a final matter, plaintiff has also filed a motion to proceed *in forma pauperis* and he requests a waiver of the Court's filing fee.  *See generally* Pl. Mot. to Proceed *In Forma Pauperis*.  The Court may authorize commencement of a suit without prepayment of fees when a person submits an affidavit including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress.  *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d).  Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the statutory requirements to proceed *in forma pauperis* for the purpose of resolving the government's motion to dismiss.  And so, the Court grants plaintiff's motion to proceed *in forma pauperis* for this purpose.

---

[4] Plaintiff's claims clearly sound in tort. *See Earnest v. United States*, 33 Fed. Cl. 341, 344 (1995) ("Claims based on unauthorized acts (wrongdoing) by government officials sound in tort."). As discussed above, the Court does not possess jurisdiction to consider claims sounding in tort. *Hernandez*, 96 Fed. Cl. at 204.

## V.   CONCLUSION

In sum, when read in the light most favorable to plaintiff, the complaint clearly demonstrates that the Court does not possess subject-matter jurisdiction to consider any of plaintiff's tort, constitutional, APA, or breach of implied-in-fact contract claims.  In addition, the Court does not possess jurisdiction to consider plaintiff's requests for declaratory and injunctive relief.

The Court must also dismiss plaintiff's takings claim involving his Social Security disability benefit payments, because the Court does not possess jurisdiction to consider such a claim and plaintiff fails to state a plausible takings claim in the complaint.

Because the Court has determined that the complaint must be dismissed for lack of subject-matter jurisdiction and for failure to state a claim upon which relief can be granted, the Court also denies plaintiff's motion for judgment of default and petition for a partial writ of mandamus as moot.

Finally, because of plaintiff's *pro se* status—and plaintiff's representation that he is unable to pay the Court's filing fee—plaintiff may proceed in this matter *in forma pauperis* for the limited purpose of resolving the jurisdictional issues raised by the complaint.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** defendant's motion to dismiss;

(2) **DENIES** as moot plaintiff's motion for judgment of default and petition for a partial writ of mandamus; and

(3) **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

The Clerk's Office is directed to **ENTER** final judgment in favor of the government, **DISMISSING** the complaint.  No Costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge

14